**CLOSED**

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RABATTU ALI, : | |
| : | Civil Action No. 08-1023 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| DR. KAPCHITS, : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**CHESLER**, District Judge

  This matter comes before the Court upon the motion of Defendant Dr. Elmira Kapchits ("Defendant" or "Dr. Kapchits") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pro se Plaintiff Rabattu Ali ("Plaintiff" or "Ali") has opposed this motion. The Court has considered the papers submitted and rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion will be granted in part. The Court will dismiss Plaintiff's claims under 42 U.S.C. § 1983 and remand the remainder of the action

### I. BACKGROUND

  This civil rights action concerns allegations that Defendant, a prison doctor who treated Plaintiff in 2005 at East Jersey State Prison in Rahway, New Jersey, acted with deliberate indifference to the medical needs of Plaintiff, in violation of his constitutional rights. Plaintiff

filed the action in the Superior Court of New Jersey, Law Division, Union County. Defendant removed it to this Court on or about February 26, 2008, on the grounds that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's plea for relief under 42 U.S.C. § 1983. The following summary of the facts is based on Plaintiff's Complaint.

Plaintiff Ali, who was incarcerated at East Jersey State Prison at all relevant times, injured his right Achilles tendon while playing basketball in the prison's recreation area on June 14, 2005. After requesting medical attention, Ali was taken to the prison clinic, attended by a nurse and given an ice pack and Motrin to relieve his pain. Plaintiff alleges that his injury was not evaluated at that time. The following day, Ali returned to the clinic complaining of severe pain and requested to see a doctor. The staff informed him that the earliest he could see a doctor was on June 20, 2005.

On June 20, 2005, Plaintiff was evaluated by Defendant Dr. Kapchits. She visually examined his foot and advised him that it appeared to be a "strained Achilles tendon." She prescribed Motrin and an analgesic balm and ordered X-rays, which were conducted on Ali's right ankle on June 23. Ali made follow up requests on June 24, July 1 and July 7 for an MRI, but none was administered. Nor was his request for the results of the X-ray addressed.

Another doctor, referred to in the Complaint as "Dr. E." examined Plaintiff on July 8, 2005. According to Plaintiff, the doctor explained that X-ray was not an appropriate diagnostic tool to determine if anything was wrong with Plaintiff's Achilles tendon. The doctor advised Plaintiff that an appointment with an orthopedic physician would be scheduled. Plaintiff returned to the clinic on July 19 due to extreme pain and then again on July 20, at which time he

was informed he was scheduled for an orthopedic consultation and an MRI.

Plaintiff met with the orthopedic physician on July 27, 2005.  The doctor noted that Plaintiff's Achilles tendon had ruptured and inquired as to the date of injury.  Based on this information, the doctor stated that had Ali's injury been treated properly, the injury would have healed and surgery would have been avoided.  The doctor opined, however, that due to the delay in receiving treatment, Ali would require surgery to prevent problems walking as Ali aged.  Plaintiff asserts that this doctor was able to diagnose Plaintiff's injury and order the correct treatment without an MRI, which he claims was never performed.  According to Plaintiff, he underwent surgery on August 22, 2005.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) only if it states plausible grounds for plaintiff's entitlement to the relief sought.  Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  Id. at

1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B.      Discussion

Defendant has moved to dismiss on two alternative grounds: (1) that Plaintiff's claims lack merit according to the substantive requirements for pleading a section 1983 claim; and (2) Plaintiff can obtain no relief because his claim is time-barred. Because the Court finds, as the discussion below sets forth, that Plaintiff has failed to plead a cognizable section 1983 claim, it will not reach Defendant's statute of limitations argument.

Plaintiff's claim for relief arises out of 42 U.S.C. § 1983, which provides for civil redress of a constitutional violation by a person acting under color of state law.[1] That statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

28 U.S.C. § 1983. To establish a claim under section 1983, a plaintiff must demonstrate that the

---

[1] Whether Defendant Dr. Kapchits was employed by the Department of Corrections or some other state entity, or instead was an employee of a private company contracted to perform medical services at the jail, is irrelevant to her status as a state actor for purposes of section 1983. It is uncontested that Dr. Kapchits "clothed with the authority of state law" so as to bring her within section 1983. West v. Atkins, 487 U.S. 42, 49 (1988)

4

challenged conduct was committed by (1) a person acting under color or state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, Plaintiff's claim concerns allegedly inadequate medical care by Dr. Kapchits. Such a claim implicates the Eight Amendment's guarantee against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Id. at 106.

Plaintiff's allegations fail to meet the "deliberate indifference" component of an Eighth Amendment inadequate medical care claim as articulated by Estelle.  The Third Circuit has defined deliberate indifference as a "subjective standard of liability consistent with recklessness as that term is defined by criminal law."  Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  Deliberate indifference may be shown where prison authorities know of the detainee's need for care but intentionally deny reasonable requests for treatment, exposing the inmate "to undue suffering or the threat of tangible residual injury."  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 485 U.S. 1006 (1988). It may also be established with evidence of actions by officials that delay necessary medical treatment for non-medical reasons, including the institution of "arbitrary and burdensome procedures that 'result in interminable delays and outright denials of medical care to suffering

inmates.'" Id. at 346-47 (quoting Todaro v. Ward, 565 F.2d 48, 53 (3d Cir. 1977)).  A prisoner's disagreement with the course of treatment, however, does not support a claim of deliberate indifference.  Id. at 346; Isenberg v. Prasse, 433 F.2d 449 (3d Cir. 1970)  Moreover, the Supreme Court has made clear that claims of negligent or merely inadequate medical treatment do not necessarily establish "deliberate indifference."  Estelle, 429 U.S. at 105-06; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  It has cautioned that a medical malpractice claim should not be confused with a constitutional violation, simply because the plaintiff is incarcerated.  Estelle, 429 U.S. at 106.  A constitutional claim of deliberate indifference requires "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk."  Rouse, 182 F.3d at 197 (internal citation omitted).

      The Court has reviewed the Complaint in the light most favorable to Plaintiff.  Haines v. Lerner, 404 U.S. 519, 520 (1972) (holding that pleadings filed by pro se litigants should be held to less stringent standards than those drafted by lawyers).  Even under the most liberal reading, the Complaint fails to state a section 1983 claim for violation of Plaintiff's Eighth Amendment rights based on the medical care, or alleged lack thereof, he received.  Plaintiff's assertions that Dr. Kapchits was deliberately indifferent to his medical needs are conclusory, and, moreover, belied by the very facts Plaintiff pleads in support of his claim.  Plaintiff's allegations indicate that he did receive medical attention for his Achilles injury.  Dr. Kapchits examined him, prescribed ibuprofen and an analgesic balm for pain relief and ordered an X-ray.  Plaintiff alleges that his requests for an MRI were disregarded, that another prison doctor ("Dr. E.") who examined Plaintiff felt that an X-ray was not the correct diagnostic tool for his injury and that an orthopedic specialist who Plaintiff ultimately saw opined that surgery could have been avoided

had he been treated correctly when the injury occurred.  Plaintiff's complaints that he should have received better or different treatment for his injury amount to, at best, a medical malpractice claim.  Such averments do not state a claim of deliberate indifference to medical need in violation of the Eighth Amendment.  Farmer v. Brennan, 511 U.S. at 837-38; Estelle, 429 U.S. at 105-06.  No facts pled support a claim that Dr. Kapchits acted wantonly or with a "conscious disregard of a serious risk" faced by Plaintiff.

Thus, Plaintiff's section 1983 claim must be dismissed for failure to state a claim upon which relief may be granted.

The Complaint before the Court also pleads for relief under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 and 2.  The Court, however, will not address Defendant's motion to dismiss insofar as it seeks a determination on the merits of the Plaintiff's state law claims.  The Court's original jurisdiction over this case is grounded in the federal question presented by Plaintiff's claim under 42 U.S.C. § 1983.  See 28 U.S.C. § 1331.  Having concluded that the federal cause of action in this case must be dismissed, the Court declines to exercise supplemental jurisdiction over the claims grounded in state law.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [once] the district court has dismissed all claims over which it has original jurisdiction"); City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) (stating that supplemental jurisdiction statute codifies principle "that pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

The Third Circuit has explained that "once all federal claims have been dropped from a case, the case simply does not belong in federal court." New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting Lovell Mfg. v. Export-Import Bank, 843 F.2d 725, 734 (3d Cir. 1988)). This case does not present any circumstances which would make the exercise of the Court's discretion to retain supplemental jurisdiction appropriate. See United Mine Workers, 383 U.S. at 726-27.  Upon consideration of concerns of judicial economy, convenience, fairness, and comity, Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988), the Court finds that because only state law claims will remain in the case following the dismissal of Plaintiff's section 1983 claim, this case properly belongs in state court. Thus, the case will be remanded to state court for adjudication of the state law issues.

### III.  CONCLUSION

For the foregoing reasons, this Court grants Defendant's motion to dismiss in part and remands the remainder of the case to the Superior Court of New Jersey, Law Division, Union County.  An appropriate form of order will be filed together with this Opinion.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge

DATED: June 24, 2008